UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:      CONSENT PRELIMINARY ORDER
- v. -                                          OF FORFEITURE/
:      MONEY JUDGMENT
WILLIAM SINCLAIR,
:      S2 17 Cr. 243 (SHS)
Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about November 7, 2018, a three-count Superseding Information, S2 17 Cr. 243 (SHS) (the "Information") was unsealed, charging WILLIAM SINCLAIR (the "Defendant") with wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count One); wire fraud conspiracy, in violation of Title 18, United States Code, Section 1349 (Count Two); and money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Three);

WHEREAS, the Information included a forfeiture allegation as to Counts One and Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information;

WHEREAS, the Information included a forfeiture allegation as to Count Three of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Three of the Information, or any property traceable to such property, including but not

limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Three of the Information;

WHEREAS, on or about August 2, 2017, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One through Three of the Information, and agreed to forfeit to the United States: (i) pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any and all property, real and personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information; and (ii) pursuant to Title 18, United States Code, Section 982(a)(1) any and all property, real and personal, involved in the offense charged in Count Three of the Information, and any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Three of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $3,542,549.40 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained, and property involved in the offense charged in Count Three of the Information, for which the Defendant is jointly and severally liable with co-defendants Michael Finocchiaro and Peter DiQuarto (the "Co-Defendants"), to the extent forfeiture money judgments are entered against the Co-Defendants in this case; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained and property involved in the offense charged in Count Three of the Information cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Kiersten A. Fletcher, Robert B. Sobelman, and Sheb Swett of counsel, and the Defendant and his counsel, Lisa Scolari, Esq., that:

1. As a result of the offenses charged in Counts One through Three of the Information, to which the Defendant pled guilty, a money judgment in the amount of $3,542,549.40 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained, and property involved in the offense charged in Count Three of the Information, for which the Defendant is jointly and severally liable with the Co-Defendants, to the extent forfeiture money judgments are entered against the Co-Defendants in this case, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant WILLIAM SINCLAIR, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern

District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. United States Customs and Border Protection is authorized to deposit the payments on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____  10/25/22
KIERSTEN A. FLETCHER             DATE
ROBERT B. SOBELMAN
SHEB SWETT
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2238 / 2616 / 6522

WILLIAM SINCLAIR

By: _____  10/25/22
WILLIAM SINCLAIR                 DATE

By: _____  10/25/22
LISA SCOLARI, ESQ.               DATE
Attorney for Defendant
Law Offices of Lisa Scolari
20 Vesey Street, Suite 400
New York, NY 10007

SO ORDERED:

_____  November 1, 2022
HONORABLE SIDNEY H. STEIN       DATE
UNITED STATES DISTRICT JUDGE